**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**26-CR-20020-WILLIAMS/LETT**
Case No. _____

18 U.S.C. § 1956(h)
18 U.S.C. § 982

**UNITED STATES OF AMERICA**

**vs.**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**ALEX NAIN SAAB MORAN,**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Defendants.**

_____/



FILED BY____**BM**____D.C.

**Jan 14, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

Introduction

Beginning at least as early as in and around October 2015, and continuing through the date of the return of this Indictment, ▮▮▮▮▮▮▮▮▮▮▮▮ **ALEX NAIN SAAB MORAN,** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ planned and executed an elaborate scheme to enrich themselves and their associates, including individuals in the Miami area, by corrupting a Venezuelan public welfare program known as Comité Local de Abastecimiento y Producción (CLAP). The conspirators paid bribes to Venezuelan public officials and were awarded lucrative CLAP contracts by the Venezuelan government to import food under false pretenses, including from Colombia and Mexico. Rather than deliver in full on the contracts, the conspirators used fake companies, false invoices, false shipping records, other fraudulent documents, and bribes and

kickbacks to skim hundreds of millions of dollars for themselves that were supposed to be used for the purchase of food for needy Venezuelans. Some of the conspirators' illegal proceeds were spent or concealed from authorities through transfers of the illicit funds to and through bank accounts in the United States.

As the conspiracy progressed through in and around 2019, and continuing through the date of this return of this Indictment, U.S. economic sanctions crippled Venezuelan exports, especially oil, and the government of Venezuela struggled to pay its foreign debts, including to the foreign companies that were supplying food to the conspirators as part of the CLAP program. In response, the conspirators used their direct access and corrupt influence with Venezuelan government officials to access and sell billions of dollars of oil owned by Venezuelan state-owned Petróleos de Venezuela, S.A. (PDVSA) under false pretenses. Proceeds of these illegal sales were transferred to and through bank accounts in the United States to further promote the illegal CLAP scheme.

### Conspiracy to Launder Monetary Instruments
### (18 U.S.C. § 1956(h))

Beginning at least as early as in and around October 2015, and continuing through the date of the return of this Indictment, in Miami-Dade, Palm Beach, and Broward Counties, within the Southern District of Florida, and elsewhere, the defendants,

**ALEX NAIN SAAB MORAN,**

did knowingly and voluntarily combine, conspire, confederate, and agree with each other and with other persons, known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Sections 1956 and 1957, that is:

2

a.  to conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of any specified unlawful activity, knowing that the property involved in the financial transaction represented proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

b.  to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

c.  to knowingly engage in a monetary transaction affecting interstate and foreign commerce, by, through, and to a financial institution in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity is: (i) wire fraud, in violation of Title 18, United States Code, Section 1343; and (ii) an offense against a foreign nation, specifically Venezuela, involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as defined in 18 U.S.C. § 1956(c)(7)(B)(iv).

All in violation of Title 18, United States Code, Section 1956(h).

3

## FORFEITURE ALLEGATIONS

1.　　The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which any of the defendants, ███████████████████████ **ALEX NAIN SAAB MORAN,** ███████████████████████ ████████████████, have an interest.

2.　　Upon conviction of a violation, or a conspiracy to violate Title 18, United States Code, Sections 1956 or 1957, as alleged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3.　　The United States hereby gives notice that it intends to seek forfeiture of specific property and/or a forfeiture money judgment against the defendants, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

4.　　If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

　　(a)　　cannot be located upon the exercise of due diligence;

　　(b)　　has been transferred or sold to, or deposited with, a third person;

　　(c)　　has been placed beyond the jurisdiction of the Court;

　　(d)　　has been substantially diminished in value; or

　　(e)　　has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

███████████████████

FOREPERSON

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

MONIQUE BOTERO
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

MARGARET A. MOESER
CHIEF, MONEY LAUNDERING,
NARCOTICS AND FORFEITURE SECTION
CRIMINAL DIVISION
DEPARTMENT OF JUSTICE

JOSEPH PALAZZO
TRIAL ATTORNEY, MONEY LAUNDERING,
NARCOTICS AND FORFEITURE SECTION
CRIMINAL DIVISION
DEPARTMENT OF JUSTICE

5

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

████████████████████████ et al.,

_____ /
Defendants.

CASE NO.: __26-CR-20020-WILLIAMS/LETT__

**CERTIFICATE OF TRIAL ATTORNEY**

**Court Division** (select one)

☑ Miami ☐ Key West ☐ FTP
☐ FTL ☐ WPB

**Superseding Case Information:**

New Defendant(s) (Yes or No)_____
Number of New Defendants _____
Total number of new counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish

4. This case will take __15__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I ☐ 0 to 5 days
   II ☐ 6 to 10 days
   III ☑ 11 to 20 days
   IV ☐ 21 to 60 days
   V ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge_____ Case No._____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No._____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge _____ Case No. 21-CR-20509-JEM and 23-CR-20364-RAR
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _Monique Botero_ (signature)
Monique Botero
Assistant United States Attorney
FL Bar No.        722286

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ████████████████████

**Case No:** _____

Count #: 1

Conspiracy to launder monetary instruments

Title 18, United States Code, Section 1956(h)

* **Max. Term of Imprisonment:** 20 Years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $500,000 or twice the value of the property involved in the offense

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   **ALEX NAIN SAAB MORAN**

**Case No**: _____

Count #: 1

Conspiracy to launder monetary instruments

Title 18, United States Code, Section 1956(h)
\* **Max. Term of Imprisonment:** 20 Years
\* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
\* **Max. Supervised Release:** 3 years
\* **Max. Fine:** $500,000 or twice the value of the property involved in the offense

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: _███████████████████████_____

**Case No**: _____

Count #: 1

Conspiracy to launder monetary instruments_____

Title 18, United States Code, Section 1956(h)_____
* **Max. Term of Imprisonment:** 20 Years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $500,000 or twice the value of the property involved in the offense

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: ▮▮▮▮▮▮▮▮▮▮▮▮▮

**Case No**: _____

Count #: 1

Conspiracy to launder monetary instruments

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment:** 20 Years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $500,000 or twice the value of the property involved in the offense

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: ▮▮▮▮▮▮▮▮▮▮

**Case No**: _____

Count #: 1

Conspiracy to launder monetary instruments

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment:** 20 Years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $500,000 or twice the value of the property involved in the offense

*Refers only to possible term of incarceration, supervised release and fines.  It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.