UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cr-20020-KMW

UNITED STATES,

Plaintiff,

v.

ALEX NAIN SAAB MORAN,

Defendant.
_______________________________/

**AGREED MOTION TO CONTINUE AND CONSENT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The Defendant, ALEX NAIN SAAB MORAN, through undersigned counsel, and with the agreement of the United States of America, hereby moves the Court to, (1) continue the Calendar Call, currently scheduled for September 1, 2026, and the Trial, currently scheduled to begin on September 8, 2026, and all other deadlines, for ninety (90) days, to early December 2026 and exclude all time from and including August 6, 2026, through December 7, 2026, pursuant to 18 U.S.C. § 3161.

In support of this motion, the parties state, as follows:

1. On January 14, 2026, a grand jury sitting in the Southern District of Florida returned an Indictment charging Mr. Saab with Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(h) (DE 16). The 2026 Indictment alleges an approximately eleven-year-long scheme to

launder the proceeds from a foreign bribery scheme, with an interim foreign bribery/money laundering indictment in this District (*United States v. Saab*, Case No. 19-CR-20450-Scola) and a Conditional Presidential Pardon. *See Id.* at DE 226. This is a complicated prosecution.

2. Here, the "ends of justice" will be served by granting the requested continuance because it will allow the government adequate time to deliver and, for Mr. Saab, sufficient time to review voluminous discovery and to explore complicated legal and fact-intensive issues with counsel.

3. Mr. Saab waives his right to a speedy trial and acknowledges that the period of delay resulting from the date this motion is filed until the trial date is excludable under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7).

4. This is Mr. Saab's first request to continue trial, and this Motion is not filed for mere purposes of delay.

5. The Speedy Trial Act requires, inter alia, that in a case in which a plea of not guilty is entered, the trial shall commence within seventy days from the defendant's appearance before a judicial officer. 18 U.S.C. § 3161(c)(l). However, if the trial judge determines that the "ends of justice" served by a continuance outweigh the interest of the public and the defendant in a speedy trial, the delay occasioned by such continuance is

excluded from the Act's time limits. 18 U.S.C. § 3161(h)(7)(A). The factors "a judge shall consider in determining whether to grant a continuance" include whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself." 18 U.S.C. § 3161(h)(7)(B)(ii).

6. The Speedy Trial Act authorizes the Court to effectively toll the seventy-day trial period for any period by granting a "continuance on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A).

7. The parties jointly request that all time from and including August 3, 2026, through December 7, 2026, be excluded in computing the time within which a trial must commence pursuant to 18 U.S.C. § 3l61(h). The additional time is necessary in this case due to the need for defense counsel to review voluminous discovery with the Defendant, prepare and file motions, if desirable, and effectively prepare for proceedings taking into account the exercise of due diligence, all of which are in the interests of justice and outweigh the best interests of the public and the Defendant in a speedy trial.

8. Mr. Saab hereby agrees to waive any objections under the

Speedy Trial Act for the time period specified in this motion. This waiver is made knowingly, intentionally, and voluntarily by the Defendant; with full knowledge of the provisions of the Speedy Trial Act, 18 U.S.C. § 3161 et seq.; and with the advice and consent of defense counsel.

WHEREFORE the parties request that all time from and including August 6, 2026, through December 7, 2026, shall be excluded in computing the time within which a trial must commence pursuant to 18 U.S.C. §3161(h).

Respectfully submitted,

*/s/ Neil M. Schuster*
**Neil M. Schuster, Esq.**
FL Bar No. 216909
Neil M Schuster PA
555 NE 15th St Ste 2C
Miami, FL 33132
Neil@neilmschuster.com

*s/ Joseph M. Schuster*
**Joseph M. Schuster, Esq.**
FL Bar No. 0115812
200 NW 8th Street, Suite 200
Miami, FL 33136
Tel: 305-610-8330
joe@josephmschuster.com

Defendant's Signature: I have consulted with my attorneys and fully understand all of my rights with respect to a speedy trial under 18 U.S.C. § 3161. I agree that all time from and including August 6, 2026, through December 7, 2026, should be excluded in computing the time within which the trial in this case must commence for the reasons stated in the motion. I have read this motion and carefully reviewed every part of it with my attorneys. I understand this motion and voluntarily agree to it.

ALEX NAIN SAAB MORAN

August 6/2026

DATE

Defense Counsel's Signature: I am counsel for the defendant in this case. I have fully explained to the defendant his right to a speedy trial under 18 U.S.C. § 3161. I have reviewed the terms and conditions of 18 U.S.C. § 3161 and I have fully explained to the defendant the provisions that may apply in this case. To my knowledge, the defendant's decision to agree to the requested exclusion of time under the Speedy Trial Act is an informed and voluntary one.

| | |
|---|---|
| NEIL M. SCHUSTER<br>ATTORNEY FOR DEFENDANT | 8/6/26<br>DATE |
| JOSEPH M. SCHUSTER<br>ATTORNEY FOR DEFENDANT | 8/6/26<br>DATE |