**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-CR-20020-WILLIAMS**

**UNITED STATES OF AMERICA**

**vs.**

**ALEX NAIN SAAB MORAN,**

**Defendant.**

_____/

**UNOPPOSED MOTION FOR A PROTECTIVE ORDER**
**REGULATING DISCLOSURE OF DISCOVERY**

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America files this unopposed motion for a protective order regulating the disclosure of the discovery materials in this case (the "Discovery"). As alleged in the Indictment, this case concerns money laundering and corruption. The discovery in this matter includes financial records, personal identifying information of the defendant and others, and information related to ongoing investigations into others. Due to the sensitive nature of the of the ongoing investigation, the financial documents being disclosed in discovery, and the need to protect the personal information of others identified through this investigation, the United States is requesting that the Court enter a protective order governing the disclosure of discovery provided by the Government to the defendant and his counsel. In order to ensure the protection of the aforementioned Discovery, the Government will mark that material "Confidential" and provide it to the defendant. In order to to avoid the disclosure of that information to other individuals, and to protect law enforcement's ongoing investigation, the government requests that the Court enter an order regulating disclosure of that Discovery as follows:

1.      All Discovery produced by the Government that is marked "Confidential" shall be governed by the following rules:

a.      Counsel of record for the defendant in this proceeding shall hold the Discovery in the strictest confidence. Therefore, defense counsel shall restrict access to this Discovery, and shall disclose this Discovery to his client, office staff, investigators, attorneys working directly with defense counsel – Maria Avila and Ana-Sofia Navarrete, consultants, and to anticipated fact or expert witnesses (the "Approved Parties") only to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter, and in a manner that will prohibit the disclosure of this Discovery to other persons beyond the Approved Parties.

b.      Disclosure of the Discovery to any other individual beyond the Approved Parties is prohibited absent further leave of Court. This includes that the defendant may not disseminate or disclose the discovery to anyone besides the Approved Parties.

c.      Counsel of record for the defendant shall advise any person to whom the Discovery is disclosed, including the defendant, that such information shall be held in strict confidence, and that further disclosure or dissemination is prohibited.

d.      Upon entry of the final order of the Court in this matter and conclusion of any direct appeals, government personnel and defense counsel shall destroy or cause to be destroyed all copies of the Discovery, except that government personnel and defense counsel may maintain copies in their closed files following their ordinary procedures.

## ANALYSIS AND MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In fact, Federal Rule of Criminal

Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions.  See Fed R. Crim. P. 16(d)(1).  The United States does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires. Instead, the United States only seeks to facilitate discovery, while protecting against the improper disclosure or use of an individual's personally identifiable information and sensitive financial information. The proposed Protective Order would have no effect on the defendant's ability to prepare his defense and would protect the personally identifiable information and sensitive financial information of numerous individuals.

It is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation and that sensitive confidential information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi*, No. 97 CR 1215(DC), 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring the government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"); *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation.  That is why parties regularly agree, and courts often order, that discovery information will remain private.").

## POSITION OF THE PARTIES

Counsel for the United States has conferred with counsel for the Defendant Alex Nain Saab Moran, Neil Schuster, Esq. He does not oppose the motion or the requested relief.

**CONCLUSION**

WHEREFORE, the United States respectfully requests that this Court, pursuant to the

Standing Discovery Order and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, enter the

attached unopposed protective order.


Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   */s/Monique Botero*
MONIQUE BOTERO
Assistant United States Attorney
Florida Bar No. 722286
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305) 961-9010
Email: Monique.Botero@usdoj.gov